Totten, J.
delivered the opinion of the court.
This action is covenant, instituted in the circuit court of Weakley, by Young P. Bowers against William C. Stovall, the original defendant; and the instrument de *561 scribed in tbe declaration is a covenant by said Stovall to pay to William S. Scott two hundred and ninety dollars, in cash notes. The declaration contains no averment that the covenant was assigned by Scott, the cove-nantee, to the plaintiff in this action; and, therefore, it does not appear that he has legal right to sue.
The only question raised is, whether the judgment here shall be final, or the cause be remanded where the party may, on application to the court, have leave to amend as to the omission and defect before referred to: and we are of opinion that, it should be remanded.
There is enough in the writ • and declaration to show that the plaintiff sued on the covenant in the character of assignee, although he omits to aver the assignment? the profert he makes of it is evidence that he had it in possession. The defendant’s plea of covenant performed, and the verdict against the plea, is proof of the existence of the right and that it has not been satisfied. We do not notice the assignment on the covenant copied into the record, because it is not made part of the record by any bill of exceptions. But it appears to us from what is properly the record, that the plaintiff has probable right and cause of action, which he has imperfectly stated in the declaration. In such case it is the practice of the court to remand, that the party may apply for amendments, and the suit be tried upon its merits. The effect is to place the suit back where it was when the first error was committed, and to permit the error to be corrected. We think this practice more conformable to the liberal spirit of our statute of amendments. See Wilson vs. Smith, 5 Yer. 379; McCandless vs. Polk & Walker. This latter case is very similar to the one now before us. The opinion was delivered by *562 McKinney, J., at Jackson, April term, 1849. It was an action on a bill of exchange, and the plaintiffs who sued in the character of assignees had omitted to aver a proper assignment on which their legal right depended. But the court say, “it is manifest from the proof in the record that the plaintiffs below have a good cause of action, though defectively set forth in the declaration, and in such case we do not understand it to be the imperative duty of this court to arrest the judgment.” The suit was remanded, to the end that proper amendments might be permitted, and for trial de novo, and we think it proper to adopt a similar practice in the present case. The judgment will be reversed, and the cause remanded for further proceedings in the circuit court.